**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CLEVELAND COLEY

                      **Plaintiff**

             **-against-**

**BROOK SHARP REALTY LLC**

                     **Defendants**
-----------------------------------------------------------------X

**13-civ-7527 (TPG)(HBP)**

        **COMPLAINT**

## PRELIMINARY STATEMENT

1.     Plaintiff Cleveland Coley seeks declaratory and injunctive relief against the Defendant Brook Sharp Realty LLC (a): declaring that Cleveland Coley is entitled to succeed to the Section 8 subsidy of his mother Annie Coley and that termination of the family's Section 8 subsidy was effected in violation of due process, federal law, regulations and procedures; and (b) enjoining the defendant to certify Plaintiff's eligibility for Section 8 Housing assistance.

## JURISDICTION AND VENUE

2.     Jurisdiction is conferred by 28 USC § 1331 (federal question) and 28 USC § 1367 (supplemental jurisdiction).

3.     Venue is proper in this district pursuant to 28 USC § 1391(b) because the defendant maintains offices in this judicial district, because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district, and because the property that is the subject of the action is situated in this district.

## PARTIES

### Plaintiff

4.      Cleveland Coley is the tenant of 282 Brook Street, Apt. 1A, Bronx, NY 10454 which is a part of a privately owned project based Section 8 housing development.

### Defendant

5.      Brook Sharp Realty LLC is upon information and belief a New York Limited Liability Corporation and the fee owner of 282 Brook Street, Bronx, NY 10458, a project based Section 8 low income housing development subsidized by the U.S. Department of Housing and Urban Development ("HUD") pursuant to 42 USC § 1437(f).

6.      Upon information and belief, Brook Sharp Realty LLC maintains offices at 530 East 138th Street, Bronx, New York 10454.

7.      Upon information and belief Brook Sharp Realty LLC has entered into a Housing Assistance Payment (HAP) Contract and a Regulatory Agreement with HUD to provide housing for low-income families and, *inter alia,* to determine family eligibility and the tenant level of the Section 8 subsidy each tenant family should receive.

## STATUTORY, REGULATORY AND LEGAL FRAMEWORK

8.      The Section 8 program is intended to aid "…lower income families in obtaining a decent place to live…" 42 USC § 1437f, as well as to further the purpose of the National Housing Act, to wit "…the realization as soon as feasible of the goal of a decent home and suitable living environment for every American family." 42 USC §§ 1441, 1441(a)

9.      Upon information and belief, 282 Brook Street, Bronx, NY 10458 is a project based Section 8 Substantial Rehabilitation low income housing project, 224 CFR § 881 *et seq.*  In such projects, HUD provides a rental subsidy to each apartment subject to the HAP contract.

10.     Chapter 4 of HUD's Handbook 4350.3 (Occupancy Requirements of Subsidized Multifamily Housing Programs) (hereinafter "HUD Handbook") sets forth both required and permitted screening criteria for applicants for apartments in project-based subsidized buildings.  See HUD Handbook, ¶ 4-7.

11.     Once admitted to residency in a project, however, a family's eligibility to receive a Section 8 rental subsidy is subject only to the requirements set forth in Chapter 3 of the HUD Handbook: that the family's annual income not exceed the program income limits; that the unit is the family's only residence; that all members of the family are U.S. citizens or eligible noncitizens; and that the family agrees to pay the rent required under the program. HUD Handbook Ch.3 ¶ 3-5. HUD establishes income limits for a family's eligibility and revises them annually to ensure that only low-income families receive the Section 8 rental assistance. HUD Handbook Ch.3 ¶ 3-6.

12.     Families that qualify for a subsidy pay a monthly rent that is set at the higher of 30 per cent of the family's monthly adjusted income or 10 per cent of the family's income. 42 USC § 1437a(a) (the "Brooke Amendment").  HUD has set forth specific procedures, for calculating and projecting a family's annual income, HUD Handbook Ch. 5  ¶¶ 5-5 – 5-7, for determining a family's adjusted gross income, HUD Handbook Ch.5 ¶¶ 5-8 – 5-10, and, then calculating the family's rent in accordance with the statute. HUD Handbook Ch.5 ¶¶ 5-24 – 5-31.

13.     Succession to a project based Section 8 tenancy is based on federal law and implementing regulations which define a family as including the remaining member of a tenant family. See, 42 USC § 1431(a)(b)(3)(a) and 24 CFR § 5.403(6).

14.     A landlord may terminate a tenant's Section 8 assistance only upon grounds permitted by HUD.  Those grounds are set forth with specificity in the HUD Handbook: a) failure to provide the required information at the time of recertification; b) failure to sign/submit the required HUD consent

and verification forms; c) financial ability to pay the full market rent; d) failure to move to a different sized unit when the required sized unit is available; and/or, e) owner's inability to determine citizenship or eligible immigration status for any family member. HUD Handbook Ch.8 ¶ 8-5.  The landlord must follow prescribed procedures and serve a series of notices before it may terminate a family's subsidy.  HUD Handbook Ch. 8 ¶ 8-6.

15.     HUD Handbook  ¶ 8-5 (G) contains the notice: "REMINDER: Actions to terminate assistance must be based only on a change in the tenant's eligibility for assistance or a tenant's failure to fulfill specific responsibilities under program requirements. Owners must not take action to terminate assistance based on other factors."

16.     Private owners are government actors in their role of performing certification as they establish the level of the government's Section 8 subsidy rent subsidy (an entitlement) to the participating family which is a function traditionally exclusively reserved to the state. In addition because establishing the rent levels is achieved by the application of the mandated formula under HUD regulations and procedures the state has insinuated itself into a position of interdependence with the private owner such that it must be considered a joint participant.

17.     The tenants, including the Plaintiff, possess a property interest in the Section 8 Housing Assistance Payments paid to the owner on their behalf and they may not be terminated for other than cause and in accordance with HUD requirements. 24 CFR § 880.603(c)(3)

## STATEMENT OF FACTS

18.     Cleveland Coley lived at 282 Brook Avenue, Apt. 1A, Bronx, New York, continuously

with his mother, Annie Coley, the tenant of record, from 1964 to 2008, and returned to the subject apartment December 24, 2009 to help care for his ailing mother, and has lived there continuously since.

19.     Upon information and belief, Mr. Coley was listed on certifications and leases as part of the household with 282 Brook Avenue's ownership prior to Plaintiff's acquiring the building in approximately 2000.

20.     Upon information and belief when Mr. Coley returned to the subject apartment to care for his ailing mother in December 2009, Annie Coley asked that her son be restored to the household. Cleveland Coley filled out and returned the required application to Defendant, but Defendant failed to comply with the request.

21.     Annie Coley passed away in May 2012, and thereafter, in July 2012, Defendant commenced a licensee holdover proceeding in Bronx Housing Court claiming that Mr. Coley's license to occupy 282 Brook Avenue, Apt. 1A, Bronx, NY terminated upon the death of his mother, the tenant of record, because he was not listed on the HUD leases or certifications as a member of the household.

22.     After a trial on April 16, 2013, Hon. Andrew Lehrer held in a Decision/Order dated June 4, 2013, that Cleveland Coley had established his right to succeed to his mother's tenancy.

23.     Throughout the entire proceeding and continuing to the present, Plaintiff has paid the family's last established monthly Section 8 rent share of $181.00 each month on a timely basis.

24.     On September 23, 2013 Defendant denied Cleveland Coley's "application for occupancy" because of "poor credit history"; however, Defendant notified Mr. Coley that pursuant to Judge Lehrer's Decision/Order he would be able to maintain the tenancy but would be required to pay the monthly contract rent of $1,258.00 without any Section 8 subsidy.

25.     Plaintiff's current household income is approximately   per month.

26.     Defendant's denial of Cleveland Coley's Section 8 subsidy and its offer of a lease requiring him to pay market rent for their apartment effectively requires him to pay X percent of his income in rent, in violation of the Brooke Amendment, its implementing regulations and the provisions of the HUD Handbook.

## FIRST CAUSE OF ACTION

27.     Plaintiff incorporates paragraphs 1 through 26 above as fully set forth herein.

28.     Defendant has violated the Brooke Amendment, 42 USC Section 1437a(a) and its implementing regulations by seeking to charge Plaintiff more than 30 percent of his monthly adjusted income or 10 percent of his monthly income, whichever is higher, in the rent.  A cause of action is created pursuant to 42 USC Section 1983.

## SECOND CAUSE OF ACTION

29.     Plaintiff incorporates paragraphs 1 through 26 above as if fully set forth herein.

30.     Defendant's termination of the Section 8 subsidy for Plaintiff's family violated Plaintiff's rights under the Due Process Clause, as well as federal law and regulations and HUD procedures.  A cause of action is created pursuant to 42 USC Section 1983.

## THIRD CAUSE OF ACTION

31.     Plaintiff incorporates paragraphs 1 through 26 above as if fully set forth herein.

32.     Defendant's denial of Plaintiff's Section 8 subsidy violates the terms of the HAP Contract signed by Defendant and HUD, of which Plaintiff is a Third Party Beneficiary.

## FOURTH CAUSE OF ACTION

33.    Plaintiff incorporates paragraphs 1 through 26 above as if fully set forth herein.

34.    Defendant is estopped from collecting more than 30 percent of Plaintiff's adjusted monthly gross income or 10 percent of the his monthly income, whichever is greater, as rent due to Defendant's failure to follow the Brooke Amendment and HUD procedures to determine eligibility for receiving a Section 8 subsidy.


**WHEREFORE,** Plaintiffs respectfully request the Court:

1. Grant judgment to Plaintiff on his First through Fourth Causes of Action declaring unlawful Defendant's attempts to collect more that the rent allowed by the Brooke Amendment, and declaring any termination of his family's Section 8 subsidy to be void, without due process and in violation of federal law, regulations and procedures;

2. Issue a permanent mandatory injunction on Plaintiff's First through Fourth Causes of Action enjoining Defendant, its agents, employees and successors from charging Plaintiff market rent for 282 Brook Avenue, Apt. 1A, Bronx, NY, and to take all steps necessary for the restoration of his family's subsidy;

3. Grant such other and further relief, including costs and attorney's fees, pursuant to 42 USC § 1988, as the Court finds just and proper.

Dated: Bronx, New York
      October 17, 2013

 

_____
Irvin M. Schwartz, Esq.(IMS 8655)
Edward J. Josephson, Esq. (EJJ 7615)
Kathryn Neilson, Esq. (KN 9019)
Legal Services NYC-Bronx
349 East 149th Street, 10th Floor
Bronx, New York 10451
(718) 928-2890
*Attorneys for Plaintiff*