UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEVELAND COLEY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>BROOK SHARP REALTY LLC<br><br>　　　　　　　　　　　Defendant | 13 CIV 7527 (TPG)(HP)<br><br>**AFFIRMATION IN<br>OPPOSITION** |

　　　　I, Irvin M. Schwartz, an attorney duly admitted to practice before the Bar of this Court, affirm the following under penalty of perjury:

　　　　1.　　I am of counsel to Legal Services NYC – Bronx, the attorney for Plaintiff, Cleveland Coley in this proceeding. I am familiar with the facts herein based on information provided by my client and by government entities.

　　　　2.　　I submit this affirmation in opposition to Defendant's instant motion dated January 27, 2015, requesting an Order from this Court pursuant to Rule 56(a) of the Federal Rules of Civil Procedure granting summary judgment to Defendant and dismissing all of Plaintiff's claims. Although Defendant requests summary judgment dismissing each of the causes of action in the within Complaint, Defendant admits all of the factual assertions underlying Plaintiff's claims, and cites no relevant law in support of its request for dismissal.

　　　　3.　　The criteria established by the U.S. Department of Housing and Urban Development ("HUD") to receive a Section 8 subsidy are: 1) that the family is income eligible, 2) that all members of the family are U.S. citizens or eligible noncitizens, 3) that the family discloses all social security numbers for all family members over the age of 6, 4) that the unit be the family's only residence, 5) that the family agree to pay the rent required under the program,

and, 6) that all information supplied by the family is verified. Exhibit A[1], HUD Handbook ¶¶ 3-5, 3-6.

4.     Defendant has admitted that Mr. Coley is an existing tenant who has been granted succession rights to the tenancy of his apartment by court order. Affidavit of Gricelda Aranda, dated January 30, 2015 (hereinafter "Aranda Affidavit") ¶¶ 7 & 8.

5.     Defendant has never disputed that Mr. Coley is income eligible for a Section 8 subsidy as required by HUD. Exhibit A, HUD Handbook ¶ 3-6.

6.     Defendant has never disputed that Mr. Coley is a U.S. citizen eligible for a Section 8 subsidy as required by HUD. Exhibit A, HUD Handbook ¶ 3-5.

7.     Defendant has never disputed that the subject apartment is Mr. Coley's only residence as required by HUD. Exhibit A, HUD Handbook ¶ 3-5.

8.     Defendant has admitted that the sole reason it denied Mr. Coley the Section 8 subsidy that would otherwise be allocated to his apartment was because of his alleged bad credit. Aranda Affidavit ¶¶ 9, 11; Declaration of Ira. B. Pollack ¶ 12.  In her Affidavit, Ms. Aranda sets forth the "condensed version of the rejection of Mr. Coley's application" as follows:

> We ran a credit report with Experian, one of the major credit agencies … A review of the report clearly shows that Mr. Coley is **not** [emphasis in original] the type of person who can be relied on to pay rent.  Plaintiff's 3 from my deposition is another credit related document generated in the regular course of business and used to determine whether *a prospective tenant* [emphasis added] is a proper credit risk and/or is in a position to pay their rent. We felt Mr. Coley, based on objective documentation, was not.  We therefore sent him a Notice of Rejection … that he would not be entitled to a HUD subsidy.

Aranda Affidavit, ¶ 11.

9.     Thus, Defendant has admitted that it treated Mr. Coley as a "prospective tenant" rather than a tenant who already resided in the subject apartment, and was lawfully entitled to

---

[1] All references to Exhibits pertain to those attached to Irvin M. Schwartz' Declaration in Support of Plaintiff's Motion for Summary Judgment.

succession to the tenancy and to continuation of the family's Section 8 subsidy except under strictly limited circumstances. Defendant also lays bare for the court its illogical conclusion that although it believed Mr. Coley could not be relied on to pay rent, it would insist that he try to pay the $1,258.00 HUD "contract rent" rather than the much more affordable subsidized amount.

10. As explained in Plaintiff's Memorandum of Law in support of his motion, a person, such as Mr. Coley, who is already a tenant of a Section 8 subsidized building has the right to the certification and renewal of his subsidy as long as he meets the income criteria set for by HUD; and the subsidy *can only be denied* if, 1) he fails to provide the required information at the time of recertification, 2) fails to sign/submit the required HUD consent and verification forms, 3) has an increase in income sufficient to pay the full market rent, 4) fails to move to a different sized unit when the required sized unit is available, and/or 5) the owner is unable to determine citizenship or eligible immigration status. Exhibit C, HUD Handbook ¶ 8-5

11. Defendant has not cited anything in the HUD regulations or federal law supporting credit screening of *existing tenants* as criteria for denying a project based Section 8 subsidy. This is because HUD regulations permit only *prospective tenants* can be screened for their credit rating. Exhibit B, HUD Handbook ¶ 4-7 F.2. Indeed, although Defendant alleges that its credit screening policy is based on Chapter 3 of the HUD Handbook (see, Aranda Affidavit, ¶ 10), credit screening is discussed only in Chapter 4 of the Handbook, which relates not to existing tenants, but to new applicants for apartments in a housing complex. See, Plaintiff's Memorandum of Law, at 6 - 7.

12. Defendant cites no provision of the HUD Handbook, or any other federal rule or statute to support its claim that it was authorized to apply credit screening to an existing tenant like Mr. Coley and to deny him a subsidy based on a low credit score. Instead, Defendant elects

to rely entirely on the decision of the New York State Court of Appeals in <u>Evans v. Franco</u>, 93 N.Y.2d 823 (1999) to support its claims. Declaration of Ira B. Pollack, Esq. ¶ 8. However, <u>Evans</u> concerned succession to a portable Section 8 voucher which can be used for a rental subsidy for various privately owned apartments and has not been applied to succession to subsidies of project based Section 8 buildings where the subsidy stays with the apartment, which is the issue in this case. To the contrary, New York courts have uniformly held that omission of a family member on annual income forms does not preclude succession to a project based apartment and subsidy. <u>Manhattan Plaza Assoc. v. DHPD</u>, 8 A.D.3d 111 (1st Dep't 2004); <u>Amsterdam Ave. Hous. Assoc. v. Estate of Wells</u>, 10 Misc.3d 142(A) (App. Term 1st Dep't 2006); <u>Marine Terrace Assoc. v. Kesoglides</u>, 44 Misc.3d 141(A) (App. Term 2nd, 11th & 13th Jud. Dists.2014). Indeed, New York appellate courts have recently clarified that remaining family members like Mr. Coley succeed to *both* the tenancy and the subsidy. <u>Los Tres Unidos Assoc. v. Colon</u>, 45 Misc.3d 129(A) (App. Term 1st Dep't 2014). Thus, state law and federal law on this essential issue are in harmony, contrary to Defendant's assertion. Declaration of Ira P. Pollack, ¶ 6.

13. Defendant resorts to a series of *ad hominem* attacks on Mr. Coley, claiming that he "hid in the shadows", and accusing him of "deception", "fraud", and "unclean hands". Declaration of Ira B. Pollack, Esq. ¶¶ 4, 5, 8, 9, & 13; Affidavit of Gricelda Aranda ¶¶ 8. However, Defendant did not deny Mr. Coley the subsidy to his apartment based on any alleged fraud or deception, but solely because of poor credit. Affidavit of Gricelda Aranda ¶¶ 9, 11; Declaration of Ira B. Pollack, ¶ 12.

14. Defendant now appears to be asking this court to ratify its denial of Mr. Coley's subsidy based on "unclean hands" -- grounds not invoked in its own original decision. Declaration of Ira Pollack, ¶ 13. Defendant admits that there is no authority suggesting that a

federal court can decline to enforce the clear mandate of HUD regulations based on such equitable grounds. *Id.* ("it is respectfully admitted that this is a matter of first impression.")

15.  If HUD had intended that subsidies should be denied to remaining family members based on such equitable grounds, it would surely have set forth appropriate provisions in its Handbook. However, to the contrary, HUD's primary concern was to "encourage family cohesion and the care of the elderly and disabled in the home." Morrisania II Associates v. Harvey, 139 Misc.2d 651, 656, 527 N.Y.S.2d 954 (Civ. Ct. Bx. Co. 1988). Thus, unless a family member "assumed occupancy just before the tenant's death, with no purpose other than that of succeeding to the tenancy," HUD intends that "no such family member should suffer eviction, dislocation and homelessness upon the death of the tenant of record … consistent with the original ameliorative purpose of the United States Housing Act." Id., 139 Misc.2d at 657.

16.  Despite Defendant's hyperbole and obfuscation, the facts are undisputed. Defendant admittedly treated Mr. Coley as a prospective tenant, not as an existing tenant currently residing in his apartment, and improperly denied his Section 8 subsidy solely because of bad credit, a ground applicable only to new applicants who do not already have apartments in the project. Defendant has thereby violated the United States Housing Act and its implementing regulations, as well as New York law, by refusing to grant Mr. Coley the rental subsidy that accompanies his apartment and to which he is entitled.

**WHEREFORE,** Plaintiff respectfully requests that this Court deny Defendant's instant motion and grant Plaintiff's cross motion for summary judgment.

Dated: February 27, 2015
      Bronx, New York

                                               /s/ Irvin M. Schwartz
                                               Irvin M. Schwartz, Esq. (IMS 8655)
                                               Legal Services NYC-Bronx
                                               349 East 149th Street, 10th Floor
                                               Bronx, NY 10451
                                               (718) 928-2890
                                               *Attorneys for Plaintiff*

CASE NO. 13-VC-7527 (TPG)(HP)

UNITED STATES DISTRICE COURT
SOUTHERN DISTRICT OF NEW YORK

CLEVELAND COLEY,

                                                        Plaintiff,

-against-

BROOK SHARP REALTY, LLC

                                                        Defendant.

## AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LEGAL SERVICES NYC – BRONX
Irvin M. Schwartz, Esq. (IMS 8655)
329 E. 149th Street, 3rd Floor
Bronx, New York 10451
Tel: (718) 928-3700

*Attorneys for:* **PLAINTIFF**

To:    IRA B. POLLACK & ASSOCIATES, PPLC
        118-25 Queens Boulevard, 9th Floor
        Forest Hills, NY 11375

*Attorneys for:* **DEFENDANT**