UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
CLEVELAND COLEY,                    :
                                    :
                Plaintiff,          :   13 Civ. 7527 (LAP)
                                    :
     -against-                      :   MEMORANDUM & ORDER
                                    :
BROOK SHARP REALTY LLC,             :
                                    :
                Defendant.          :
                                    :
------------------------------------x

LORETTA A. PRESKA, Chief U.S.D.J.:

   Before the Court are the parties' cross-motions for summary judgment.  For the reasons below, Plaintiff's motion is denied, and Defendant's motion is granted.

I.   FACTS

   The following facts are taken from the admissible evidence provided by the parties in support of their motions and from Plaintiff's Local Rule 56.1 Statement of Undisputed Facts, dated January 30, 2015 [dkt. no. 29] ("Plaintiff's 56.1 Statement"), which is well supported by citations to admissible evidence from the record.  Defendant failed to file an appropriate response to Plaintiff's 56.1 Statement as required by Local Rule 56.1(b), and accordingly the entirety of Plaintiff's 56.1 Statement is deemed admitted under Local Rule 56.1(c).  See Jackson v. Federal Express, 766 F.3d 189, 194 (2d Cir. 2014) ("[A] non-response [to a Rule 56.1 statement] runs the risk of

1

unresponded-to statements of undisputed facts proffered by the movant being deemed admitted."). Although Defendant also failed to submit a Local 56.1 Statement of Undisputed Facts in support if its own motion for summary judgment, the Court will nevertheless rule on the motion and consider the admissible evidence provided with both parties' briefing.

Plaintiff is currently a resident at 282 Brook Avenue, Apt. 1A, Bronx, New York ("the Apartment"). (Plaintiff's 56.1 Statement ¶ 1.) Defendant is the fee owner of 282 Brook Avenue, Bronx, New York, which is a project-based Section 8 low income housing development subsidized by the U.S. Department of Housing and Urban Development ("HUD") pursuant to 42 U.S.C. § 1437(f). (Id. ¶ 2.) From 1964 to March 2002, Plaintiff lived in the Apartment with his mother, Annie Coley, who was the tenant of record. (Id. ¶ 1.) Plaintiff returned to the Apartment from December 2005 to March 2008, and he again resided there from December 24, 2009 to the present. (Id.) During significant portions of his residency at the Apartment, Plaintiff received his own income separate from his mother's. In particular, he worked as a Motorman for the MTA from 1988 until 2009 and has received social security disability income continuously from 2009 to the present. (See Affidavit of Gricelda Aranda, dated Jan. 30, 2015 [dkt. no. 30] ("Aranda Aff.") Ex. J at 24, 26-27, 30; Ex. L at 3.)

Despite Plaintiff's residence in the Apartment, Mrs. Coley is the only tenant listed on the most recent lease. (See id. ¶ 6; id. Ex. C.) Additionally, the three most recent annual re-certification forms for the Apartment, which verify the names of all adults living in Section 8 housing, their income, and their subsidy eligibility, listed Mrs. Coley as the only adult household member and listed only her individual income with no mention of Plaintiff or his income. (Id. ¶ 6; id. Exs. G, H.)

In May 2012, Mrs. Coley passed away, and shortly thereafter Plaintiff attempted to take over her tenancy in the apartment as well as her Section 8 rent subsidy. (See id. ¶¶ 3-4.) In July 2012, Defendant brought an eviction proceeding against Plaintiff in Bronx County Housing Court. (Id. ¶ 4.) Following a trial, Judge Lehrer of that court issued a Decision/Order holding that Plaintiff was entitled to succeed in his mother's tenancy of the Apartment. (Id. ¶ 5.) Judge Lehrer did not, however, determine whether Plaintiff had the right to inherit his mother's federal Section 8 housing subsidy for the apartment. (See Decl. of Irvin M. Schwartz in Support of Plaintiff's Motion for Summary Judgment, dated Jan. 30, 2015 [dkt. no. 27] ("Schwartz Decl."), Ex. E at 9.)

Following the Housing Court decision, Plaintiff submitted an application seeking a Section 8 rent subsidy for the Apartment. Defendant rejected Plaintiff's subsidy application

3

based on his "poor credit history" but indicated that Plaintiff could remain in the Apartment pursuant to the Housing Court Order so long as he paid market rent. (Plaintiff's 56.1 Statement ¶ 7.) In response, Plaintiff filed the instant lawsuit under 42 U.S.C. § 1983, alleging causes of action for violations of his rights under federal law and the United States Constitution. Specifically, he raises claims for violation of 42 U.S.C. § 1437a(a) and its implementing regulations, the Due Process Clause, and the terms of Defendant's Contract with HUD. (See Compl. dated Oct. 17, 2013 [dkt. no. 1] ¶¶ 27-34.)[1] The parties have completed discovery, and both now move for summary judgment.

II. APPLICABLE LAW

A moving party is entitled to summary judgment only where the record makes clear that "there is no genuine issue as to any material fact," and "the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation mark omitted). A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a

---

[1] Although Plaintiff purports to raise a fourth cause of action, it is evidently duplicative of his first cause of action, and the Court accordingly considers those two claims together. (See Compl. ¶¶ 28, 34.)

4

verdict for the nonmoving party." Id.  When considering cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."  Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting Schwabenbauer v. Bd. of Educ. of Olean, 667 F.2d 305, 314 (2d Cir. 1981)) (internal quotation marks omitted).

Section 1983 extends a cause of action to those who have been deprived of a right "secured by the Constitution and laws" at the hands of a state actor.  42 U.S.C. § 1983.  Defendant does not dispute that it acted under color of federal law when denying Plaintiff's application for a Section 8 housing subsidy.

The statutory right Plaintiff claims arises from the United States Housing Act of 1937 and its implementing regulations, which provide for different housing subsidy programs.  See 42 U.S.C. §§ 1437a, 1437f.  Plaintiff's building is governed by the Substantial Rehabilitation program under which HUD has entered into a contract with Defendant providing for the payment of certain subsidies for approved low-income tenant families.  See 24 C.F.R. §§ 881.101, 881.501.  Under the applicable federal regulations, when a new family applies to reside in a Section 8 apartment and receive a rent subsidy, the landlord is required to screen the applicant for income eligibility.  See 24 C.F.R.

5

§§ 881.601, 880.603.  In addition, the landlord "must adopt a written tenant selection plan in accordance with HUD requirements."  24 C.F.R. § 5.655.  The HUD Handbook covering Occupancy Requirements of Subsidized Multifamily Housing Programs (Handbook 4350.3) contains a Chapter entitled "Waiting List and Tenant Selection," which clarifies that this selection plan involves both confirming that an applicant family is eligible for a subsidy and screening applicants for suitability of tenancy.  (Schwartz Decl. Ex. B. at 4-17-4-18.)  The latter screening process "is a determination that an otherwise eligible household has the ability to pay rent on time and to meet the requirements of the lease."  (Id. at 4-18.)  The Manual explicitly notes that "[s]creening for credit history" is not only a permitted criteria but also "one of the most common screening activities," meant "to determine how well applicants meet their financial obligations" and "whether an applicant has the ability to pay rent on time."  (Id. at 4-23.)  In other words, "[o]wners may reject an applicant for a poor credit history."  (Id.)

Once an applicant household is accepted into a Section 8 housing unit, the family receiving the subsidy must recertify its income annually in order to confirm that it remains eligible for a subsidy and to recalculate the appropriate subsidy amount under the applicable federal regulations.  See 24 C.F.R.

6

§§ 5.657, 5.659. The HUD Handbook also contains an entry specifically addressing the issue of remaining family members who wish to inherit a deceased relative's subsidy and who may be exempt from the ordinary new applicant screening criteria. Chapter 3, Section 16 is entitled "Determining the Eligibility of a Remaining Member of a Tenant Family," and reads in relevant part:

> A. Periodically, family composition changes after initial occupancy. If the qualifying person leaves the unit, a determination must be made as to whether the remaining member of the household will be eligible to receive assistance. Eligibility depends upon the type of project occupied and other issues.
>
> B. The following basic requirements for eligibility must be met for a person to qualify as a remaining member of a household:
>
>   1. The individual must be a party to the lease when the family member leaves the unit.
>
>   2. The individual must be of legal contract age under state law.
>
>   3. The remaining family member is defined in Section 202 and Section 811 regulations as the surviving member or members of an elderly family or family with disabilities that was a party to the lease and living in the assisted unit with the now deceased member of the family at the time of his or her death.
>
>      a. The remaining family member, based on the death of the family member, is eligible to remain in the unit but must pay rent based on income. In this case, eligibility of the remaining family member, as defined by the death of the family member, is not reviewed.

(Schwartz Decl. Ex. A at 3-44-3-45.)

Although there is little federal case law addressing the question of remaining family members inheriting a Section 8 subsidy, New York state courts have interpreted federal law concerning this issue on several occasions.  As Judge Lehrer noted in his Decision/Order, New York courts "have considered whether such person lived with the tenant as a family unit; the length of time they lived together; whether his income was reported on the annual household recertifications; and whether he was listed on the lease."  (Schwartz Decl. Ex. E at 5.)  See Valley Dream Hous. Co. v. Schmidt, 16 Misc.3d 1138(A), at *7-8 (N.Y. Dist. Ct. Nassau Cty. 2007).  In so doing, New York case law has held that "[n]o one factor is determinative," (Schwartz Decl. Ex. E at 5), in one instance going so far as to hold that the HUD Manual section quoted above is not in fact dispositive where a family member's name does not appear on the lease.  See Marine Terrace Assocs. v. Kesoglides, 998 N.Y.S.2d 306 (N.Y. App. Div. 2d Dept. 2014).  As discussed below, however, whether relying on strict adherence to the Manual or applying the multi-factor test favored by New York courts, the outcome is the same here.

Plaintiff also raises a constitutional claim for violation of the Due Process Clause, which guarantees that no person shall

be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. V, XIV. The Supreme Court has held that this clause "protects individuals against two types of government action." United States v. Salerno, 481 U.S. 739, 746 (1987). First, "'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" Id. (quoting Rochin v. California, 342 U.S. 165, 172 (1952); Palko v. Connecticut, 302 U.S. 319, 325-26 (1937)). Such a claim "must begin with a careful description of the asserted right," Reno v. Flores, 507 U.S. 292, 302 (1993), as courts are "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Washington v. Glucksberg, 521 U.S. 702, 720 (1997) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992)). "'[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense' and therefore unconstitutional." Tenenbaum v. Williams, 193 F.3d 581, 600 (2d Cir. 1999) (alteration in original) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 883, 845 (1998)). Once a protected right is identified, its infringement may only be excused if it "is narrowly tailored to serve a compelling state interest." Flores, 507 U.S. at 302.

Second, procedural due process is "meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Carey v. Piphus, 435 U.S. 247, 259 (1978). In order to raise such a claim, Plaintiff must both demonstrate that he "possessed a liberty or property interest" and indicate "what process he was due before he could be deprived of that interest." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 313 (2002).

III. DISCUSSION

Turning first to Plaintiff's statutory claim, the Court concludes that Defendant did not violate the Housing Act or any of its implementing regulations when it declined to treat Plaintiff as a remaining family member for purposes of his Section 8 subsidy application. There can be no dispute that Plaintiff did not meet the explicit requirements for inheriting a family member's subsidy. As set out in the HUD Manual section quoted above, an individual may only qualify as a remaining family member if he is "a party to the lease" at the time of the head of household's death. (Schwartz Decl. Ex. A at 3-44.) Plaintiff indisputably did not have his name on the most recent lease. (See Aranda Aff. ¶ 6; id. Ex. C.) As such, he did not meet HUD's requirements to qualify for treatment as a remaining family member entitled to inherit his mother's subsidy.

10

Even under the more lenient balancing test employed by New York courts to soften the otherwise rigid requirements of the HUD Manual, Plaintiff is still not entitled to inherit Mrs. Coley's subsidy.  The record before the Court is consistent with Judge Lehrer's conclusion that Plaintiff is Mrs. Coley's family member and resided with her in the Apartment for a significant period of time prior to and until her death.  (See Schwartz Decl. Ex. E at 7; Plaintiff's 56.1 Statement ¶ 1.)  As Judge Lehrer also noted, however, Plaintiff's failure to report his income on the annual household recertifications, list his name on those recertifications, or add his name to the lease are all "significant, especially in regard to whether he is entitled to a Section 8 subsidy for the apartment."  (Schwartz Decl. Ex. E at 8.)  Although the purposes of Section 8 housing do seek to maintain the unity of families, which favors continuity of housing for surviving members of a deceased tenant, see 24 C.F.R. § 881.101 (see also Schwartz Decl. Ex. A at 3-44-3-45), those benefits are meant to pass only to members who both report their residency and contribute their own income to the calculation of any subsidy.  See Valley Dream Hous. Co., 16 Misc.3d 1138(A), at *8.  The double failure on Plaintiff's part precludes him from taking advantage of the remaining family member benefits to which he might otherwise be entitled.

Because Plaintiff does not qualify as a remaining family member permitted to take over Mrs. Coley's Section 8 subsidy, Defendant was allowed to treat Plaintiff's application for a subsidy as that of a new applicant under the applicable regulations. Denial based on poor credit history is permitted under the implementing regulations, (see Schwartz Decl. Ex. B at 4-23), and Plaintiff does not dispute that his credit report reflected a poor history. (See Aranda Aff. Ex. I at 119-42.) Defendant therefore did not violate any federal law in rejecting Plaintiff's application and is entitled to summary judgment on Plaintiff's statutory claim.

With respect to Plaintiff's constitutional claim, Plaintiff's briefing fails to mention his due process cause of action at all, and neither the Complaint nor any of his submissions to this Court clarify whether the claim sounds in substantive or procedural due process. Thus, to the extent that Plaintiff attempts to raise a substantive due process claim, he fails to provide the requisite specificity concerning the constitutionally protected right of which he was allegedly deprived. See Flores, 507 U.S. at 302; Glucksberg, 521 U.S. at 720. Moreover, the record does not reflect the type of egregious circumstances necessary to support a substantive due process claim. See Tenenbaum, 193 F.3d at 600. To the extent Plaintiff intended to raise a procedural due process claim, he

has not identified any additional procedures to which he was entitled but did not receive while his application was reviewed. See Ciambriello, 292 F.3d at 313. As such, even if Plaintiff had a property interest in a Section 8 housing subsidy – an issue that the Court does not decide here – he has pointed to no procedural deficiencies in the deprivation of that right. See 35-41 Clarkson LLC v. N.Y.C. Hous. Auth., 11 Civ. 6770, 2012 WL 5992094, at *3 (S.D.N.Y. Nov. 30, 2012). Given Plaintiff's failure to identify either a protected right of which he was deprived or a single defect with the process he received, Defendant is entitled to summary judgment on this constitutional claim.

Finally, Plaintiff's claim based on Defendant's contract with HUD cannot survive because nothing in the record suggests that Defendant breached any provision of its contract. Again, Plaintiff failed to address this particular claim with any specificity in his briefing. Presumably, however, this claim is based on the same theory as Plaintiff's statutory claim: that Defendant's denial of Plaintiff's application for a Section 8 subsidy violated HUD regulations and procedures in breach of Defendant's contract. As already discussed above, Plaintiff did not qualify as a remaining family member under HUD regulations, and Defendant was therefore permitted to screen Plaintiff's application based on his credit report just like any new

applicant. Accordingly, there is no indication that Defendant breached its contract with HUD, and Defendant is entitled to summary judgment on this claim.

## CONCLUSION

Based on a review of the record, the Court concludes that Defendant has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on all of Plaintiffs claims. For the foregoing reasons, Defendant's motion for summary judgment [dkt. nos. 31, 34] is hereby GRANTED, and Plaintiff's motion for summary judgment [dkt. no. 26] is DENIED. The Clerk of the Court shall mark this action CLOSED and all pending motions DENIED as moot.

SO ORDERED.

Dated:  New York, New York
        September 25, 2015

_____
LORETTA A. PRESKA
Chief United States District Judge